CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JOHN L. WOLLMAN (CABN 197362)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7031
Facsimile: (415) 436-6748
john.wollman@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAMAD SAYAD,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 3:25-cv-4679-TSH<br><br>**ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT**<br><br>Honorable Thomas S. Hixson<br>United States Magistrate Judge |

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

1

Defendant, United States of America ("Defendant"), hereby responds to the Complaint of Plaintiff Hamad Sayad ("Plaintiff") as follows:  The responses in numbered paragraphs below are to the allegations in each corresponding numbered paragraph of Plaintiff's Complaint.  Some of Plaintiff's topic headings are inserted below for ease of reference.  Use of Plaintiff's topic headings does not constitute an admission or acknowledgement by Defendants of their relevance or accuracy.  Defendant denies the allegations made in the headings for sections IV.A., IV.B., IV.C., and IV.D. of the complaint.  Any allegations in the Complaint that are not expressly admitted herein are hereby denied.

1.    Defendant admits that Mr. Sayad is a Yemeni citizen who entered the United States in December of 2020, was in Immigration and Customs Enforcement (ICE) detention until May 6, 2022, and was housed at La Palma Correctional Center (LPCC), a facility owned by CoreCivic and under contract with ICE at the time.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and on that basis denies those allegations.

2.    Defendant denies the allegations in paragraph 2.

3.    Defendant admits that the Plaintiff engaged in a hunger strike but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and on that basis denies those allegations.

4.    Defendant admits that Plaintiff brings this suit against Defendant under the Federal Tort Claims Act ("FTCA").  Except as admitted, Defendant denies the remaining allegations in paragraph 4.

**PARTIES**

5.    Defendant admits that Mr. Sayad is a 29-year-old man who arrived in the United States in December of 2020, was detained by ICE upon his arrival and was thereafter housed in various facilities until his release on May 22, 2022.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and on that basis denies those allegations.

6.    Defendant admits that Plaintiff brings this suit against Defendant under the FTCA.  Except as admitted, Defendant denies the remaining allegations in paragraph 6.

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

## JURISDICTION AND VENUE

7.    The allegations in paragraph 7 constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

8.    The allegations in paragraph 8 constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## FACTUAL ALLEGATIONS

9.    Defendants admits that ICE investigates, encounters, arrests, and detains individuals who have violated U.S. federal laws including but not limited to the Immigration and Nationality Act (INA). Except as admitted, Defendant denies the remaining allegations in paragraph 9.

10.    Defendant admits that La Palma Correctional Center (LPCC) was an ICE contracted facility owned and operated by CoreCivic, who had its own policies in addition to being required to follow ICE's Performance-Based National Detention Standards Operations Manual. Except as admitted, Defendant denies the remaining allegations in paragraph 10.

11.    Defendant admits there was a contract between CoreCivic and ICE Office of Acquisition Management for LPCC, a detention facility privately owned by CoreCivic, to house detainees but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and on that basis denies those allegations.

12.    Defendant admits the allegations in paragraph 12.

13.    Defendant admits that LPCC is owned by CoreCivic, and ICE employees had access to the facility. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's attribution, characterization or quotation of language from a CoreCivic website and on that basis denies those allegations. Defendant denies the remaining allegations in paragraph 13.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of Mr. Sayad's experience and on that basis denies those allegations. Defendant denies the remaining allegations in paragraph 14.

15.    Defendant denies the allegations in paragraph 15.

16.    Defendant denies the allegations in paragraph 16.

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

3

17. Defendant admits that Department of Homeland Security's ("DHS") Office of Inspector General ("OIG") conducted an investigation and published a report relating to LPCC in March 2021, and aver that the March 2021 DHS OIG Report, as referenced in paragraph 17, speaks for itself and is the best evidence of its contents. Defendant denies any allegations in paragraph 17 that are not set forth therein or are inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and on that basis denies those allegations.

18. Defendant admits that DHS's OIG conducted an investigation and published a report relating to LPCC in March 2021, and aver that the March 2021 DHS OIG Report, as referenced in paragraph 18, speaks for itself and is the best evidence of its contents. Defendant denies any allegations in paragraph 18 that are not set forth therein or are inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and on that basis denies those allegations.

19. Defendant admits that DHS's OIG conducted an investigation and published a report relating to LPCC in March 2021, and aver that the March 2021 DHS OIG Report, as referenced in paragraph 19, speaks for itself and is the best evidence of its contents. Defendant denies any allegations in paragraph 19 that are not set forth therein or are inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and on that basis denies those allegations.

20. Defendant admits that DHS's OIG conducted an investigation and published a report relating to LPCC in March 2021, and aver that the March 2021 DHS OIG Report, as referenced in paragraph 20, speaks for itself and is the best evidence of its contents. Defendant denies any allegations in paragraph 20 that are not set forth therein or are inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and on that basis denies those allegations.

21. Defendant admits that DHS's OIG conducted an investigation and published a report relating to LPCC in March 2021, and aver that the March 2021 DHS OIG Report, as referenced in paragraph 21, speaks for itself and is the best evidence of its contents. Defendant denies any allegations

in paragraph 21 that are not set forth therein or are inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and on that basis denies those allegations.

22.    Defendant admits that DHS's OIG conducted an investigation and published a report relating to LPCC in March 2021, and aver that the March 2021 DHS OIG Report, as referenced in paragraph 22, speaks for itself and is the best evidence of its contents.  Defendant denies any allegations in paragraph 22 that are not set forth therein or are inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and on that basis denies those allegations.

23.    Defendant admits that DHS's OIG conducted an investigation and published a report relating to LPCC in March 2021, and aver that the March 2021 DHS OIG Report, as referenced in paragraph 23, speaks for itself and is the best evidence of its contents.  Defendant denies any allegations in paragraph 23 that are not set forth therein or are inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and on that basis denies those allegations.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and on that basis denies the allegations.

25.    Defendant admits that Mr. Sayad's custodial status changed during his detention.  Except as admitted, Defendant denies the remaining allegations in paragraph 25.

26.    Defendant denies the allegations in paragraph 26.

27.    Defendant admits Mr. Sayad entered the United States on or around December 15, 2020, was housed at LPCC on or around December 16, 2020, and received a notice of custody determination on January 8, 2021, indicating he would be released.  Defendant denies the remaining allegations in paragraph 27.

28.    Defendant admits that Mr. Sayad was housed at LPCC for a time in non-solitary confinement with other detainees.  Except as admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and on that basis

denies those allegations.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and on that basis denies the allegations.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and on that basis denies the allegations.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and on that basis denies the allegations.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and on that basis denies those allegations.

33.    Defendant denies the allegations in paragraph 33.

34.    Defendant denies the allegations in paragraph 34.

35.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and on that basis denies the allegations.

36.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and on that basis denies the allegations.

37.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and on that basis denies the allegations.

38.    Defendant denies the allegations in paragraph 38.

39.    Defendant denies the allegations in paragraph 39.

40.    Defendant admits that ICE employees were present at LPCC but denies the remaining allegations in paragraph 40.

41.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and on that basis denies the allegations.

42.    Defendant admits that Mr. Sayad received medical care at LPCC but denies the remaining allegations in paragraph 42.

43.    Defendant avers that the February 18, 2022, and March 11, 2022 court filings speak for themselves and are the best evidence of their contents.  Defendant denies any allegations in paragraph 43

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

that are not set forth therein or are inconsistent therewith.

44. Defendant avers that the TRO speaks for itself and is the best evidence of its contents. Defendant denies any allegations that are not set forth therein or are inconsistent therewith. Defendant denies the remaining allegations in paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and on that basis denies the allegations.

46. Defendant denies the allegations in paragraph 46 regarding ICE. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and on that basis denies the allegations.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and on that basis denies the allegations.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and on that basis denies the allegations.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and on that basis denies the allegations.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and on that basis denies the allegations.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and on that basis denies the allegations.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and on that basis denies the allegations.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and on that basis denies the allegations.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and on that basis denies the allegations.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and on that basis denies the allegations.

58. Defendant denies the allegations in paragraph 58.

59. Defendant admits that Mr. Sayad was transferred to Eloy Detention Center (EDC) on March 22, 2022. Defendant denies the remaining allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60 regarding ICE. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and on that basis denies those allegations.

61. Defendant denies the allegations in paragraph 61.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and on that basis denies the allegations.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and on that basis denies the allegations.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and on that basis denies the allegations.

65. Paragraph 65 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

66. Paragraph 66 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and on that basis denies the allegations.

68. Defendant admits Mr. Sayad filed an FTCA administrative claim with ICE on January 3, 2024, but denies the remaining allegations in paragraph 68.

69. Defendant admits the allegations in paragraph 69.

70. Paragraph 70 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

## FIRST CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – Federal Tort Claims Act – Negligent Placement in Segregated Confinement

71.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

72.    Paragraph 72 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

73.    Paragraph 72 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

74.    Defendant denies the allegations in paragraph 74.

75.    Defendant denies the allegations in paragraph 75 as it misquotes and incorrectly characterizes the language cited within ICE's Performance Based National Detention Standards (PBNDS), which speaks for itself and is the best evidence of its contents.

76.    Defendant denies the allegations in paragraph 76 as it misquotes and incorrectly characterizes the language cited within ICE's Performance Based National Detention Standards (PBNDS), which speaks for itself and is the best evidence of its contents.

77.    Defendant denies the allegations in paragraph 77 as it misquotes and incorrectly characterizes the language cited within ICE's Performance Based National Detention Standards (PBNDS), which speaks for itself and is the best evidence of its contents.

78.    Defendant denies the allegations in paragraph 78.

79.    Defendant denies the allegations in paragraph 79.

80.    Defendant denies the allegations in paragraph 80.

## SECOND CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – Federal Tort Claims Act – Negligence in Continuing to Segregate Mr. Sayad Against ICE Guidelines

81.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

82.    Paragraph 82 consists of legal conclusions to which no response is required.  To the extent

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

a response is deemed required, Defendant denies the allegations.

83. Paragraph 83 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant avers that the PBNDS speaks for itself and is the best evidence of its contents. Defendant denies the allegations in paragraph 88 that are not set forth therein or are inconsistent therewith.

89. Defendant avers that the PBNDS speaks for itself and is the best evidence of its contents. Defendant denies the allegations in paragraph 89 that are not set forth therein or are inconsistent therewith.

90. Defendant denies the allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

## THIRD CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – Federal Tort Claims Act – Negligent Administration of Force-Feeding Procedure

92. Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

93. Paragraph 93 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

94. Paragraph 94 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

95. Defendant denies the allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

99. Defendant denies the allegations in paragraph 99.

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

100.    Defendant denies the allegations in paragraph 97.

101.    Defendant avers that the PBNDS speaks for itself and is the best evidence of its contents. Defendant denies the allegations in paragraph 101 that are not set forth therein or are inconsistent therewith.

102.    Defendant denies the allegations in paragraph 102.

103.    Defendant denies the allegations in paragraph 103.

104.    Defendant denies the allegations in paragraph 104.

## FOURTH CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – Federal Tort Claims Act – Negligence in Failing to Transfer Mr. Sayad to a Properly-Equipped Facility

105.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

106.    Paragraph 106 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

107.    Paragraph 107 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

108.    Defendant denies the allegations in paragraph 108.

109.    Defendant denies the allegations in paragraph 109.

110.    Defendant denies the allegations in paragraph 110.

111.    Defendant denies the allegations in paragraph 111.

112.    Defendant avers that the PBNDS speaks for itself and is the best evidence of its contents. Defendant denies the allegations in paragraph 112 about the PBNDS that are not set forth therein or are inconsistent therewith. Defendant denies the remaining allegations in paragraph 112.

113.    Defendant denies the allegations in paragraph 113.

114.    Defendant denies the allegations in paragraph 114.

## FIFTH CLAIM FOR RELIEF

**28 U.S.C. § 1346(b) – Federal Tort Claims Act – Negligence in Failing to Provide Emergency Health Services to Mr. Sayad**

115.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

116.    Paragraph 116 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

117.    Paragraph 117 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

118.    Defendant denies the allegations in paragraph 118.

119.    Defendant denies the allegations in paragraph 119.

120.    Defendant avers that the PBNDS speaks for itself and is the best evidence of its contents. Defendant denies the allegations in paragraph 120 that are not set forth therein or are inconsistent therewith.

121.    Defendant avers that the PBNDS speaks for itself and is the best evidence of its contents. Defendant denies the allegations in paragraph 121 that are not set forth therein or are inconsistent therewith.

122.    Defendant denies the allegations in paragraph 122.

123.    Defendant denies the allegations in paragraph 123.

## SIXTH CLAIM FOR RELIEF

**28 U.S.C. § 1346(b) – Federal Tort Claims Act – Negligent Infliction of Emotional Distress**

124.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

125.    Paragraph 125 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

126.    Defendant denies the allegations in paragraph 126.

127.    Defendant denies the allegations in paragraph 127.

128.    Defendant denies the allegations in paragraph 128.

129.    Defendant denies the allegations in paragraph 129.

130.    Defendant denies the allegations in paragraph 130.

**SEVENTH CLAIM FOR RELIEF**

**28 U.S.C. § 1346(b) – FTCA – Negligent Supervision**

131.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

132.    Paragraph 132 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

133.    Defendant denies the allegations in paragraph 133.

134.    Defendant denies the allegations in paragraph 134.

135.    Defendant denies the allegations in paragraph 135.

136.    Defendant denies the allegations in paragraph 136.

137.    Defendant denies the allegations in paragraph 137.

138.    Defendant denies the allegations in paragraph 138.

**EIGHTH CLAIM FOR RELIEF**

**28 U.S.C. § 1346(b) – FTCA– False Imprisonment**

139.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

140.    Paragraph 140 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

141.    Defendant denies the allegations in paragraph 141.

142.    Defendant denies the allegations in paragraph 142.

143.    Defendant denies the allegations in paragraph 143.

144.    Defendant denies the allegations in paragraph 144.

## NINTH CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – FTCA– Abuse of Process

145.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

146.    Paragraph 146 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

147.    Defendant denies the allegations in paragraph 147.

148.    Defendant admits that a TRO was obtained to administer involuntary nutrition to Mr. Sayad.  Except as admitted, Defendant denies the remaining allegations in paragraph 148.

149.    Defendant denies the allegations in paragraph 149.

150.    Defendant denies the allegations in paragraph 150.

151.    Defendant denies the allegations in paragraph 151.

152.    Defendant denies the allegations in paragraph 152.

## TENTH CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – FTCA – Intentional Infliction of Emotional Distress

153.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

154.    Paragraph 154 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

155.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 and on that basis denies the allegations.

156.    Defendant admits the allegations in paragraph 156.

157.    Defendant denies the allegations in paragraph 157.

158.    Defendant denies the allegations in paragraph 158.

## ELEVENTH CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – FTCA – Battery

159.    Defendant repeats and hereby incorporates by reference its preceding responses to the

preceding paragraphs as if fully stated herein.

160.    Paragraph 160 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

161.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 and on that basis denies the allegations.

162.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 and on that basis denies the allegations.

163.    Defendant denies the allegations in paragraph 163.

164.    Defendant denies the allegations in paragraph 164.

165.    Defendant denies the allegations in paragraph 165.

## TWELFTH CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – FTCA – Medical Battery

166.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

167.    Paragraph 167 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

168.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 and on that basis denies the allegations.

169.    Defendant denies the allegations in paragraph 169.

170.    Defendant denies the allegations in paragraph 170.

## THIRTEENTH CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – FTCA – Aiding and Abetting Battery

171.    Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

172.    Paragraph 172 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

173.    Paragraph 173 consists of legal conclusions to which no response is required.  To the extent

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

a response is deemed required, Defendant denies the allegations.

174. Defendant denies the allegations in paragraph 174.

175. Defendant denies the allegations in paragraph 175.

176. Defendant denies the allegations in paragraph 176.

## FOURTEENTH CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – FTCA – Assault

177. Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

178. Paragraph 178 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

179. Defendant denies the allegations in paragraph 179.

## FIFTEENTH CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – FTCA – Civil Conspiracy

180. Defendant repeats and hereby incorporates by reference its preceding responses to the preceding paragraphs as if fully stated herein.

181. Paragraph 181 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

182. Defendant denies the allegations in paragraph 182.

183. Defendant denies the allegations in paragraph 183.

184. Defendant denies the allegations in paragraph 184.

185. Defendant denies the allegations in paragraph 185.

The remainder of Plaintiff's Complaint contains a request for relief, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Plaintiff's Complaint and contends that Plaintiff is not entitled to the requested relief or any relief at all.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, and as separate and distinct defenses to his claims set forth in his Complaint, Defendant alleges the following affirmative defenses:

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

## FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction with respect to any of Plaintiff's claims, requests for relief, or other remedies to the extent that the Government's sovereign immunity is not expressly waived by statute.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Federal Tort Claims Act's independent contractor exception. *See* 28 U.S.C. § 2671.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Federal Tort Claims Act's discretionary function exception. *See* 28 U.S.C. § 2680(a).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's intentional tort claims are barred by the Federal Tort Claims Act's intentional tort exception. *See* 28 U.S.C. § 2680(h).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action to the extent that any allegations in the Complaint are outside the scope of his administrative claim.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, harm and/or damages were not directly, actually, or proximately caused by an agent, servant, or employee of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff were not proximately caused by the alleged incidents at issue, and therefore Defendant cannot be held liable in damages for same.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's negligent acts and/or omissions must be compared against the negligent acts and/or omissions of Defendant, if any, and any judgment rendered in Plaintiff's favor must be reduced by his

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

own comparative fault.

### TENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. §2675(b), Plaintiff is prohibited from claiming or recovering an amount against Defendant, if any, in excess of that set forth in his presented administrative tort claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant violated no legal duty owed to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

In the event that Defendant is found to be negligent, which negligence is expressly denied, Defendant is entitled to an offset of all sums or monies paid or payable to Plaintiff by any party or non-party to this action by settlement or judgment or through an agreement entered into by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

In the event that Defendant is found to be negligent, which negligence is expressly denied, Defendant is entitled to an offset of all medical expenses paid for by Defendant, against any recovery awarded Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff cannot recover any damages to the extent actually paid by a collateral source.  To the extent that Plaintiff has received any payment, or the benefit of any payment, from a collateral source, the Defendant is entitled to offset in an equal amount.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the damages Plaintiff claims to have suffered were caused or made worse by an intervening or superseding cause or circumstance.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff acted with full knowledge of all the facts and circumstances surrounding hisr injuries and assumed the risk of the matters causing his alleged injuries, and that said matters of which Plaintiff assumed the risk proximately contributed to the happening of the incidents at bar and proximately caused his alleged injuries, if any.

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that named and/or unnamed third parties were careless and negligent in and about the matters alleged in Plaintiff's Complaint; that said carelessness and negligence of said named and/or unnamed third parties proximately contributed to the happening of the incidents and to the injuries, loss and damage complained of by Plaintiff, if any there were; that should Plaintiff recover damages, Defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that said named and/or unnamed third parties' negligence caused or contributed to Plaintiff's injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff failed subsequent to the occurrence described in the Complaint properly to mitigate his damages and thereby is precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on the part of Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act, which does not provide for recovery of prejudgment interest, attorney's fees, or punitive damages. 28 U.S.C. §§ 2674, 2678.

## TWENTIETH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2401(b), 2671 et seq. and any state or federal common or statutory law that limits the liability of a private individual, or the damages awarded, under similar circumstances to those alleged in the Complaint.

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to Plaintiff's Complaint become known throughout the course of the litigation.

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

19

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff take nothing by way of his Complaint, that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate.

CRAIG H. MISSAKIAN
United States Attorney

DATED:  March 6, 2026

*/s/ John L. Wollman*
JOHN L. WOLLMAN
Assistant United States Attorney
Attorneys for Defendant

ANSWER OF UNITED STATES OF AMERICA TO COMPLAINT
Case No. 3:25-cv-4679-TSH

20